Filed 7/26/23  P. v. Bonilla CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTIN ZEPEDA BONILLA,<br><br>    Defendant and Appellant. | D080714<br><br><br><br>(Super. Ct. No. SCD292495) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Britton Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.


Martin Zepeda Bonilla appeals the order placing him on probation after a jury found him guilty of two counts of assault with a deadly weapon.  He

contends a condition of probation requiring him to report contacts with law enforcement to his probation officer is unconstitutionally vague and overbroad. We previously rejected the same challenge to the same condition in *People v. Brand* (2021) 59 Cal.App.5th 861 (*Brand*). We reject the challenge again and affirm the order.

## BACKGROUND

Bonilla swung a metal pole at his sister and niece. A jury found him guilty of two counts of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).) The trial court imposed and suspended execution of an aggregate four-year prison term, and placed Bonilla on formal probation for three years. One condition of probation requires that he: "Provide true name, address, and date of birth if contacted by law enforcement. Report contact or arrest in writing to the [probation officer] within 7 days. Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency" (the report-contact condition).

## DISCUSSION

Bonilla complains the report-contact condition is unconstitutionally vague and overbroad on its face. He contends the condition is unclear as to whether he must report only those contacts in which he is detained or arrested on suspicion of a crime, or all contacts, including chance encounters with police while going about activities of daily life (e.g., while shopping at a grocery store or participating in a peaceful and lawful demonstration). Bonilla further contends the condition is overbroad if it requires him to report *all* contacts with law enforcement, even "neutral" contacts or minor traffic infractions, because such a reporting requirement unduly restricts his constitutional rights to freedom of association and travel. He contends *People v. Relkin* (2016) 6 Cal.App.5th 1188 (*Relkin*) "is controlling authority for [his]

2

position that the report 'contact' with law enforcement condition is vague and overbroad." Bonilla asks us to rewrite the report-contact condition "only to require reporting upon arrest or detention for a suspected misdemeanor or felony," or, alternatively, to direct the trial court to do so on remand.

Bonilla's facial challenge to the report-contact condition of probation as unconstitutionally vague and overbroad presents a question of law we decide de novo. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888; *Brand, supra,* 59 Cal.App.5th at p. 867.) We rejected such a challenge to the identical condition in *Brand*, albeit in the context of mandatory supervision rather than probation. That difference in context, however, does not affect our analysis.

We noted in *Brand* that the condition at issue here was "more specific" than the condition requiring report of " ' "*any* contacts with . . . *any* peace officer" ' " that was held unconstitutionally vague and overbroad in *Relkin, supra,* 6 Cal.App.5th 1188, the case on which Bonilla relies. (*Brand, supra,* 59 Cal.App.5th at p. 870.) We went on to explain: "Taking the first and second sentences together, a reasonably objective person would conclude that Brand is required to report only those contacts in which a law enforcement officer requests identifying information from Brand. This meaning arises because the requirement that Brand '[r]eport contact or arrest in writing to the [probation officer] within 7 days' directly follows the statement that Brand must '[p]rovide true name, address, and date of birth if contacted by law enforcement.' When read together, these two sentences make clear to a reasonable reader that the law enforcement contact that Brand must report is any contact in which Brand is required to provide his name, address, and date of birth to law enforcement. Further, because the last sentence of the report-contact condition provides that Brand must '[i]nclude the date of

3

contact/arrest, charges, if any, and the name of the law enforcement agency,' a reasonable person would understand that Brand does not have to report contact with a law enforcement officer that is not meaningful enough for the officer to provide Brand with information about the relevant law enforcement agency." (*Id.* at pp. 870-871.)

We concluded "the report-contact condition, when read in its entirety, would indicate to a reasonable person that Brand is not required to report casual, random interactions with law enforcement officers. Instead, the type of law enforcement contacts that must be reported are those in which Brand is questioned by law enforcement officers and is required to give identifying information, such as when he has been a witness to a crime or is suspected of possible involvement in a crime." (*Brand*, *supra*, 59 Cal.App.5th at p. 871.)

In his reply brief, Bonilla argues the interpretation we gave the report-contact condition in *Brand*, *supra*, 59 Cal.App.5th 861, does not solve the vagueness and overbreadth problems. He contends that "*even if* the reporting requirement . . . is limited to contact calling for an exchange of information, it could still require [him] to report insubstantial encounters," such as a traffic stop in which a law enforcement officer determines no violation occurred or issues only a warning, or a consensual encounter in which an officer requests identifying information. The appellant in *Brand* similarly argued that it was unclear whether he had to report such " 'positive and neutral contacts with law enforcement as he goes about his daily life' "; and that if he had to report such " 'innocent and inconsequential' " contacts, the report-contact condition was overbroad. (*Id.* at p. 869.) We rejected those contentions for the reasons set forth above. (*Id.* at pp. 870-871.) We adhere to our analysis in *Brand* and conclude here, as we did there, that the challenged report-contact condition is not unconstitutionally vague and overbroad. (*Id.* at p. 871.)

## DISPOSITION

The order granting probation is affirmed.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

BUCHANAN, J.